UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS JR,

        Plaintiff,

v.

PAUL GRIMWOOD, et al.,

        Defendants.

Case No. C22-794 BJR-TLF

REPORT AND RECOMMENDATION

Noted for September 16, 2022

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Plaintiff John Robert Demos, a state prisoner, has filed an application to proceed *in forma pauperis* ("IFP") and a proposed complaint. Dkt. 1-1. For the reasons discussed below, the Court should deny plaintiff's IFP application and should dismiss plaintiff's complaint with prejudice.

<u>DISCUSSION</u>

Plaintiff is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State Courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). In addition, plaintiff may submit only three IFP applications and

REPORT AND RECOMMENDATION - 1

proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Plaintiff has already reached this annual limit. *See, Demos v. Wash. Dep't of Corr.*, 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et al.*, 2:22-cv-00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022).

Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP; he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999). Plaintiff has not alleged in his proposed complaint how he is in imminent danger. Nonetheless, the allegations of Plaintiff's proposed complaint do not plausibly show that he currently faces "imminent danger of serious physical injury." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (internal citations omitted).

Even if plaintiff were to pay the Court filing fee for his complaint, the complaint would be subject to dismissal. Plaintiff's complaint alleges that the CEOs of Nestle, Inc., Shell Oil Company, and JP Morgan & Chase Company, breached their oral contract with Plaintiff when they "walked out" on their offer to give Plaintiff a tax write-off in exchange for Plaintiff agreeing to be a "surety" for their corporations. Dkt. 1-1, at 6. Plaintiff's claims do not meet the standards of *Ashcroft v. Iqbal,* 556 U.S. 662, 678-681 (2009) and Fed. R. Civ. P. 8(a), because they are bare assertions; the allegations are conclusory, speculative and unsupported by assertions of plausible facts.

Therefore, plaintiff's complaint should be dismissed for failure to state a claim. Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

In this situation, it appears that amendment would be futile. Plaintiff is alleging breach of an oral contract with three CEO's for tax credits, refunds, rebates, interest, and revenue based on the sacred masonic oath, masonic bible, and masonic constitution. Dkt 1-1 at 6. This is a nonsensical pleading that would meet the definition of frivolous -- no arguable basis in law or fact – and would be subject to dismissal even if the Court granted leave to amend. Under *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991), the Court should decline to grant leave to amend.

Amendment would be futile and the Court should dismiss with prejudice because there is "no possibility of stating a cause of action". *Shermoen v. U.S.,* 982 F.2d 1312, 1319 (9th Cir. 1992).

## CONCLUSION

Based on the foregoing discussion, the Court should deny plaintiff's IFP application and dismiss plaintiff's complaint.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on September 16, 2022, as noted in the caption.

Dated this 29th day of August, 2022.

Theresa L. Fricke
United States Magistrate Judge